# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Gurpreet Singh,

Petitioner,

v.

Pamela Bondi, et al.,

Respondents.

No. CV-26-02152-PHX-DWL (CDB)

**ORDER**

Petitioner filed this habeas corpus action under 28 U.S.C. § 2241. The relevant facts are as follows. Petitioner is a citizen of India and entered the United States without inspection in June 2021 and he was released from custody roughly two months later. (Doc. 1 ¶¶ 2-3; Doc. 1-1 at 1.) Petitioner alleges that he was detained by immigration officials on February 13, 2026. (Doc. 1 ¶ 4.) Petitioner filed his habeas corpus petition challenging his redetention without a pre-deprivation hearing and alleging he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (*Id.* ¶¶ 36–40, 41–49.)

Respondents do not challenge the Court's initial determination in the Court's OSC that Petitioner's detention is governed by § 1226(a) and do not oppose Petitioner's request for a bond hearing. (Doc. 8 at 1-2; *see also* Doc. 6 at 2 (citing *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025)). The Court will therefore direct Respondents to provide Petitioner a bond redetermination hearing within seven days. The Court will hold in abeyance Petitioner's claim that he was entitled to a pre-deprivation hearing before his redetention. In the event Petitioner is not released on

bond, the Court will resolve that issue.

**IT IS THEREFORE ORDERED:**

1.  Petitioner's Petition is **granted** as to Counts One and Two.  The remainder of the Petition remains pending.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release Petitioner from custody under the same conditions that existed before Petitioner's detention.

3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing Petitioner a bond hearing.

Dated this 9th day of April, 2026.

_____
Dominic W. Lanza
United States District Judge